BOGERT v. The JOHN JAY. See Case No. 7,352.

In re BOGET. See Case No. 1,599.

BOGGS (BENNETT v.). See Case No. 1,319.

## Case No. 1,601.

### BOGGS v. The LOUTRA.

[Betts' Sc. Bk. 533.]

District Court, S. D. New York. March 6, 1856.

SALVAGE—TOWAGE—COMPENSATION — EXORBITANT CONTRACT.

[In moderate weather, a tug brought a Portuguese brig from 15 to 20 miles below Sandy Hook into New York harbor; and her agents libeled the brig for $2,000, alleging that she was disabled and in distress, and that her master had agreed to pay that sum. For the brig, it was shown that she only required a pilot; that no one aboard could speak English; and

that she only intended to offer 200 Portuguese milreas ($224), which had been tendered. *Held*, that the service was a towage, merely, for which $224 was a reasonable compensation, and that even if the master agreed to pay $2,000, under apprehension of losing his vessel, the contract was exorbitant, and not enforceable.]

[In admiralty. Libel by Walter D. C. Boggs against the brig Loutra for alleged salvage services. Decree for libellant, as for a towage.]

S. P. Nash, for libellant.
E. C. Benedict, for claimant.

The brig was a Portuguese vessel of about 100 tons burden, found by the steam tug Huntress, on the 15th of January last, 15 or 20 miles below Sandy Hook light, on the coast, with a signal up for a pilot. The tug took her in tow and brought her into this harbor, without injury or exposure to the tug or her crew, within a period of 3 to 5 hours. The service was all performed in the day time, and in moderate weather. The libellant proves on his part that the master of the brig agreed to pay $2,000 for the service. The action is brought to recover that sum, and the libel charges that the vessel was disabled and in distress, and that the service was a salvage service. For the claimant it is proved that the brig only required a pilot; that neither her master or any of the crew could speak English; and that, by signs and figures passed between the master and the man from the tug, it was understood on the brig that 200 Portuguese milreas, and not $2,000, was the price agreed to be paid. That sum was offered to the libellant, and refused, before suit brought.

THE COURT held that the service was one of towage, merely, and that the sum demanded was unreasonable and exorbitant; that, if the master had made such agreement under apprehension of the loss of his vessel, the court would not enforce it against him; but that in this case the brig was in no peril, and the tug was entitled to no more than a fair compensation, which, on the facts, was adjudged to be 200 milreas, or $224, without costs.